**Harold Lee MULLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45979.**

Court of Criminal Appeals of Texas.

March 21, 1973.

M. Gabriel Nahas, Jr., and James M. Beauchamp, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and I. D. McMasters, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a murder conviction wherein the jury assessed the punishment at life.

At the outset, we are confronted with the most serious question in the case—the in-

troduction, at the penalty stage of the trial, over objection, of a portion of a prison packet from the State of Arkansas to show appellant's "prior criminal record." Appellant contends that one of the instruments in the packet, entitled "a summary," contained details of offenses which resulted in his Arkansas convictions for burglary and grand larceny; the fact that he stole a car approximately two weeks after the burglary; and the fact that his "criminal history" included "Calif. 1959 Joy Riding 2 Yr. Suspended Sentence" and "Calif. 1959 Trespassing."

Article 37.07, Vernon's Ann.C.C.P., as amended in 1967, reads, in part, as follows:

"  .  .  .

"3. Evidence of prior criminal record in all criminal cases after a finding of guilty

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. *The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.* (Emphasis added.)

"  .  .  ."

In Vessels v. State, 432 S.W.2d 108 (Tex. Cr.App.1968), this court held that the State, in proving a "prior criminal record" of an

accused under the provisions of Article 37.07, supra, may use certified copies of the judgment and sentence and records of the Department of Corrections, including defendant's fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. It was noted that such procedure had long been approved for the purpose of establishing a prior conviction alleged for enhancement of punishment and that such procedure was in accordance with Article 3731a, Vernon's Ann.Civ.St.[1]

In addition to Section 1[2] of Article 3731a, supra, Section 2 provides, as follows:

"Sec. 2. Any written instrument which is permitted or required by law to be made, filed, kept or recorded (including but not limited to certificate, written statement, contract, deed, conveyance, lease, concession, covenant, grant, record, return, report or recorded event) by an officer or clerk of the United States or of another state or nation or of any governmental subdivision of any of the foregoing, or by his deputy or employee; or by any Notary Public of a foreign country in a protocol or similar book in the performance of the functions of his office, shall, *so far as relevant*, be admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3. .  .  ."[3] (Emphasis added.)

In the instant case, the prosecutor was not satisfied to merely show the historical fact of final convictions in Arkansas and

1. In Graham v. State, 422 S.W.2d 922 (Tex.Cr.App.1968), it was held that the introduction into evidence of certified copies of the records of the Department of Corrections for the purpose of establishing two prior convictions was not improper as admission of hearsay or as a violation of the accused's rights under the Fourteenth Amendment of the United States Constitution.

2. Section 1 of Article 3731a, supra, reads, as follows: "Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental

subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3. .  .  ."

3. As for a method of proving prior convictions in another state, see Davis v. State, 167 Tex.Cr.R. 524, 321 S.W.2d 873 (1959); Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620 (1959); Barfield v. State, 168 Tex.Cr.R. 7, 323 S.W.2d 455 (1959).

the identity of the appellant as the person so convicted, but, by use of the "summary" contained in the Arkansas prison packet, showed the details of the offenses which resulted in those convictions, an extraneous offense, and two California offenses, one of which appears to have resulted in a conviction.

Article 37.07, supra, limits the "prior criminal record" to *final convictions*. The fact of the prior conviction and the identity of the accused as the person so convicted are the necessary elements. The statute does not permit the State to show the details of the offenses resulting in such convictions, or extraneous offenses, not resulting in final convictions. Further, convictions in one state cannot be proven by mere reference to the same in a "summary" contained in a certified prison packet from another state. In the instant case, the court's attention was expressly directed to the inadmissible portion of the prison packet, but the objection was overruled. The introduction of such evidence was prejudicial to the appellant and calls for reversal.

The judgment is reversed and the cause remanded.