**Edwin Joseph LEGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46877.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Charles W. Tessmer and Ronald L. Goranson (On appeal only), Pat W. Davis, Dallas, for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is taken from a murder with malice conviction wherein the jury assessed the punishment at 30 years.

Appellant, in his first ground of error, complains of the introduction, at the punishment stage of the trial, over objection, of a portion of a prison packet from the State of Louisiana to show appellant's prior criminal record. The prison packet reflected that appellant and two other defendants, on a plea of guilty, were convicted on March 12, 1959, of attempted aggravated rape, and assessed terms of 12 years each. Appellant agrees that that portion of the packet was properly admitted. Art. 37.07, Vernon's Ann.C.C.P.

However, the packet also included an abbreviated statement of the prior case in which appellant was convicted, reading as follows:

"STATEMENT OF FACTS

"The evidence disclosed that, on the night of August 21, the three defendants, by use of subterfuge, lured the victim, a fifteen-year-old girl into the automobile of one of the defendants and, by use of force, had intercourse on several occasions with the victim against her will and while she was struggling with them."

We quote from the record at the punishment stage as follows:

"MR. DRISCOLL: The State would offer into evidence what has been marked as State's Exhibit No. 2, the properly certified copy of the prison packet from Louisiana regarding the conviction discussed in the first phase of this trial.

"MR. DAVIS: Your Honor, we'll object to the admission of this document on the ground that under the Texas Code of Criminal Procedure, evidence of conviction only would be admissible, not evidence of any facts pertaining to the case. And this document goes into the case. I don't think it's admissible under our Criminal Code, only evidence of conviction itself.

"THE COURT: I believe the packet would be admissible, Counsel. Overrule objection.

"MR. DAVIS: Note exception."

In Mullins v. State, 492 S.W.2d 277 (Tex.Cr.App.1973), a prison packet from the State of Arkansas was admitted in evidence over objection at the penalty stage. One of the instruments in the packet, entitled a "summary," contained details of offenses which resulted in defendant's convictions for burglary and grand larceny; the fact that he stole a car approximately two weeks after the burglary, and the fact that his "criminal history" included "Calif. 1959 Joy Riding 2 yr. Suspended Sentence" and "Calif. 1959 Trespassing." Presiding Judge Onion, speaking for the Court in reversing the judgment, said:

"In the instant case, the prosecutor was not satisfied to merely show the historical fact of final convictions in Arkansas and the identity of the appellant as the person so convicted, but, by use of the 'summary' contained in the Arkansas prison packet, showed the details of the offenses which resulted in those convictions, an extraneous offense, and two

California offenses, one of which appears to have resulted in a conviction.

"Article 37.07, supra, limits the 'prior criminal record' to *final convictions*. The fact of the prior conviction and the identity of the accused as the person so convicted are the necessary elements. The statute does not permit the State to show the details of the offenses resulting in such convictions, or extraneous offenses, not resulting in final convictions. Further, convictions in one state cannot be proven by mere reference to the same in a 'summary' contained in a certified prison packet from another state. In the instant case, the court's attention was expressly directed to the inadmissible portion of the prison packet, but the objection was overruled. The introduction of such evidence was prejudicial to the appellant and calls for reversal."

See also Cain v. State, Tex.Cr.App., 468 S.W.2d 856; Driehs v. State, 164 Tex.Cr. R. 455, 301 S.W.2d 123.

The State argues that the objection was too general to apprise the trial court of the portion of the packet to which the objection was directed, citing Boss v. State, Tex.Cr.App., 489 S.W.2d 582, and Burton v. State, Tex.Cr.App., 471 S.W.2d 817. These cases are not applicable here.

Appellant's objection stated that only evidence of a conviction was admissible, and not other facts pertaining to the conviction, and that the evidence offered did go into the facts. Such objection was sufficient to notify the court and the State that appellant was objecting only to that portion of the prison packet which went into

the facts of the prior case in which appellant was convicted. The court's attention was expressly directed to the inadmissible portion of the prison packet, but the objection was overruled.

The court erred in admitting in evidence the details of the prior offense.

As showing the weight given by the State to the details of appellant's prior conviction, we copy as follows from the argument of the State to the jury:[1]

"I would ask you if you would, since you gave so much consideration to your verdict, to take State's Exhibit 2 back there with you and see that there were three men convicted of this aggravated rape in Louisiana; there were some men that were seventeen; there *was* two seventeen *years* old and Edward Lege, nineteen years old, the leader of the bunch. And I would ask you, if you will, to look at the statement of facts where it says the evidence disclosed that on the night of August 21, the three defendants, by use of subterfuge, lured the victim, a fifteen year old girl, into the automobile of one of the defendants, and then by force—see that's what we are talking about here, force. Had intercourse on several occasions with the victim against her will, and while she was struggling to repel them."

The introduction of the complained of evidence was prejudicial to the appellant, and calls for reversal.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.

---

1. Although the error complained of was in admitting in evidence the details of the prior conviction, we quote from the State's argument as bearing on the question of harm and prejudice resulting from such error. See Scheunemann v. State, 501 S.W.2d 319 (Tex. Cr.App.1973).