Curtis Leonard BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–82–154–CR.

Court of Appeals of Texas,
Beaumont.

Sept. 7, 1983.

---

D. David Hearne, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Joe Crawford, Asst. Dist. Atty., Lufkin, for appellee.

## OPINION

DIES, Chief Justice.

This appeal is from an aggravated robbery conviction wherein appellant Curtis Leonard Brown was sentenced to forty years confinement in the Texas Department of Corrections. The judgment was entered on March 26, 1979, but through a series of mistakes, appellant was released from custody, evidently from a conviction for a different offense. After appellant was returned to custody, the District Court ordered this appeal be prosecuted. Appellant asserts four grounds of error; a pro se brief has been filed.

Appellant's first ground of error complains the evidence was insufficient to support a guilty verdict in that the testimony of appellant's alleged accomplice was not corroborated.

■ Accomplice testimony must be corroborated. *Meyers v. State,* 626 S.W.2d 778 (Tex.Cr.App.1982); *Eckert v. State,* 623 S.W.2d 359 (Tex.Cr.App.1981); *Albritton v. State,* No. 09–82–094 CR (Tex.App.—Beaumont, May 11, 1983, pet. filed) (not yet reported); *Tex.Code Crim.Proc.Ann. art. 38.14* (Vernon 1979). The corroboration process involves the elimination of the accomplice's testimony and a consideration of the evidence adduced from other sources. The other evidence is sufficient if it tends to connect the defendant with the commission of the offense. The corroborating evidence need only make the accomplice's testimony "more likely than not." *See James v. State,* 538 S.W.2d 414 (Tex.Cr.App.1976).

Otis Ross, the victim of the offense, testified it was appellant who robbed him. Ross stated that of the two men who robbed him,

"[t]he only person I saw clearly was the Defendant." Ross also testified as follows:

"Q. Which person were you able to get the best look at?

"A. The Defendant.

"Q. And his head was not covered when he pointed the gun at you?

"A. His head was, but his face was not."

Debra Ann Williams, the only other eyewitness to the offense, also stated it was appellant who robbed Ross.

■ This testimony provides sufficient corroboration of the testimony of the accomplice. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of the admission of testimony, during the trial's punishment phase, of appellant's two prior criminal convictions. Appellant argues admissible evidence, in the form of "pen packets," was already before the jury and the testimony admitted only served to "unduly emphasize" these convictions.

At the punishment phase of the trial, the State introduced two "pen packets" referring to appellant's prior convictions for two other criminal offenses. Clearly evidence of prior *convictions* was admissible during the punishment phase of the trial. *Hodge v. State,* 631 S.W.2d 754 (Tex.Cr.App.1982); *Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a)* (Vernon 1981). Appellant's probation officer, Dan Fenley, also testified appellant was the same person named in the prior convictions. Fenley did not testify to any details concerning either offense.

Consequently, the cases cited by appellant are distinguishable. *Ramey v. State,* 575 S.W.2d 535 (Tex.Cr.App.1978), and *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App. 1973), were reversals by the Court of Criminal Appeals because of testimony concerning offenses *not* resulting in final convictions. Testimony was also erroneously admitted about the details of the offenses. *Lege v. State,* 501 S.W.2d 880 (Tex.Cr.App. 1973), also involved testimony about the specific details of the offense.

**770**

Since the objectionable testimony here did not refer to extraneous offenses not resulting in final convictions, nor to any details of these convictions, the admission of the testimony was not error.

Further, appellant only objected to the witness's "interpretation of the evidence." If there was any error, this objection was insufficient to preserve it. *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980); *Lege v. State, supra.* This ground of error is overruled.

Appellant's third ground of error complains of improper jury argument, specifically when the State "continue[d] to place undue emphasis on the prior convictions of Appellant."

The two cases cited by appellant, *Brown v. State,* 530 S.W.2d 118 (Tex.Cr.App.1975), and *Klueppel v. State,* 505 S.W.2d 572 (Tex.Cr.App.1974), can be distinguished in that the erroneous arguments referred to offenses for which the defendants were never tried nor convicted. Here, of course, appellant had been tried and convicted of the prior offenses.

Further, appellant made no objection to the State's jury argument, thereby waiving any possible error. *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979); *Carrillo v. State,* 566 S.W.2d 902 (Tex.Cr.App.1978). This ground of error is overruled.

Appellant's fourth ground of error is not properly before this Court, as appellant concedes. *See Tex.Code Crim.Proc.Ann. art. 11.07, § 2* (Vernon Supp.1982–1983). It will therefore not be considered.

Appellant Brown has filed a pro se brief. Appellant had assistance of counsel on appeal; he is not entitled to hybrid representation. *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App.1981).

All grounds of error are overruled. The judgment of the trial court is Affirmed.