**Thomas Lee GAMBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–83–858–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1984.

Brian Wice, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Thomas Lee Gamble, appeals from a judgment of conviction for the felony offense of burglary of a habitation. In a joint trial, with co-defendant Gary Wayne Fisher, the jury found appellant guilty and assessed punishment at fifty years in the Texas Department of Corrections. Appellant raises five grounds of error. We affirm.

Appellant's first ground of error asserts that the trial court erred in making an affirmative finding that a deadly weapon was used during the commission of the offense. His second ground of error claims that the trial court erred in admitting, over timely objection, State's Exhibit 5, evidencing appellant's prior deferred adjudication and its subsequent adjudication of guilt. Appellant's third and fourth grounds of error assert that the trial court erred in admitting, over timely objection, State's Exhibit 6 and 7, evidencing appellant's prior misdemeanor convictions which had been reduced from a felony. Appellant's fifth ground of error alleges that the trial court did not properly charge the jury on the law of parties. We overrule all of appellant's grounds of error and affirm the judgment of the trial court.

The events leading to appellant's arrest began when Shirley Irving, around midnight on April 29, 1983, observed an automobile stop across the street from her apartment and saw two men get out. She testified that she recognized the two men as appellant, Thomas Lee Gamble, whom she had known for twelve years, and co-defendant, Gary Wayne Fisher, whom she had known for thirteen years. Irving testified that about ten minutes after she saw appellant and co-defendant Fisher arrive, she heard a noise "like someone was kicking in a door." Irving called the police to report a burglary in progress. She testified that she saw appellant carrying clothes and shoes to the car which he came in and then returned to the apartment building across from Irving's apartment. The police arrived and Irving said she heard what

sounded like a gunshot. Irving later identified both appellant and co-defendant when police brought them to the scene for identification.

Wally Posey, the complainant, testified that he awakened around midnight on April 29, 1983, to find two people in his bedroom. He recognized both co-defendant Fisher and appellant, having previously known them. Appellant placed a pistol to Posey's head and demanded money. Appellant told Fisher to hit Posey if he moved. Appellant put a pillow over Posey's head. Posey testified that appellant found and took his wallet and money. Posey said that he heard the noise of a door being kicked in and, as he turned his head, Fisher hit him across the hand with a piece of metal. Posey testified that the two men took clothing and shoes from his apartment. Both appellant and co-defendant Fisher rushed from Posey's apartment when the police arrived. On Posey's way out to see what was happening outside, he noticed his television and AM/FM radio at the bottom of the staircase. Outside, Posey found the police, who had co-defendant Fisher in custody. Posey identified Fisher and told them that appellant could be found at the Sampson Motel. Posey was taken to the motel to identify appellant. Posey also claimed clothes and shoes which were found in the car that Irving saw appellant and Fisher get out of.

One of the arresting officers testified that as he got out of his car, he saw someone look out of the window of Posey's apartment. Moments later, he saw two men run out of the building. The officer chased them and apprehended co-defendant Fisher. The officer testified that Posey identified Fisher and told them appellant could be found at the Sampson Motel. An officer searched the car outside Posey's apartment and found personal articles which were claimed by Posey. The officers proceeded to the Sampson Motel and talked to Denise Carol, later identified as appellant's common law wife. She told the officers that appellant was not home, but he would return in a few hours. The police returned to the Sampson Motel and arrested appellant.

Appellant, who denied any part in the burglary, testified on his own behalf. He testified that he had been with Carol that evening in the Sampson Motel. He said he left the motel for another motel, the El Orbit Motel, where he spoke with the manager. From there, he went to a bootleg house and then home. On cross-examination, appellant admitted he had been convicted of three misdemeanor thefts. The manager of the El Orbit Motel testified that he spoke to appellant that evening and appellant did not appear to be sweating or excited. Co-defendant Fisher did not testify. The jury found both appellant and co-defendant Fisher guilty.

At the punishment hearing, the State, over appellant's objection, introduced three certified copies of judgments. The first one, State's Exhibit 5, showed that appellant on April 28, 1981, received deferred adjudication, probated for three years, for the offense of theft. The exhibit also showed that on February 5, 1982, a hearing to adjudicate was held and the court, after finding that he violated the terms of his probation, adjudicated his guilt and found him guilty, assessing his punishment at one year in the Harris County jail. Copies of judgments, State's Exhibits 6 and 7, each showed that after a motion by the State, the second paragraph of the charging instrument was reduced to a class A misdemeanor and appellant received one year in the Harris County Jail for the offense of theft.

During the punishment hearing appellant testified on his own behalf. He stated that he had never been convicted of a felony. Though appellant asked to be placed on probation, the jury assessed his punishment at fifty years confinement in the Texas Department of Corrections.

■ Ground of error one claims that the trial court erred in making an affirmative finding that a deadly weapon was used during the commission of this offense. The jury found appellant guilty as charged in the indictment. The indictment alleged

only the offense of burglary of a habitation. At the conclusion of the punishment hearing the trial court made an affirmative finding that appellant used a deadly weapon during the commission of this offense. The appropriate trier of fact in this case was the jury, not the trial court. An affirmative finding as to whether a firearm was used during the commission of an offense must be made by the jury when the jury is the trier of fact. *Ex parte Thomas*, 638 S.W.2d 905 (Tex.Crim.App.1982); *Barecky v. State*, 639 S.W.2d 943 (Tex.Crim. App.1982). The court's finding was entered on the docket sheet. The finding, however, does not appear in the judgment. Where the improper finding appears in the judgment, the proper remedy is reformation of the judgment. *Barecky*, 639 S.W.2d 943. This court has the power to reform any judgment as the law and the nature of the case may require. Tex.Code Crim. Proc.Ann. art. 44.24(b) (Vernon Supp.1984). However, in the case at bar, no reformation is required since the improper finding does not appear in the judgment. We overrule ground of error one.

The second ground of error asserts that the trial court erred in admitting, over timely objection, evidence of appellant's prior deferred adjudication and its subsequent adjudication. During the punishment hearing, the State attempted to introduce evidence showing that appellant received deferred adjudication with three years probation and that subsequently guilt was adjudicated. Appellant objected to the admission of the exhibit on the grounds that the judgment of deferred adjudication was not a final conviction. The trial court ordered the State to delete any references as to how or why the court proceeded to adjudication and the reason probation was revoked. The trial court did allow the State to introduce evidence showing appellant received deferred adjudication with three years probation, that the same was adjudicated, and that punishment was assessed at one year in the Harris County Jail. Appellant contends that despite the deletion of the reason for the adjudication the jury was still able to learn that he had received the de-

ferred adjudication and that it was adjudicated. Additionally, appellant contends that during the State's cross-examination of appellant and the State's final argument, the prosecutor brought before the jury the fact that appellant's probation had been revoked and the reasons for the revocation.

 We find that any error which might have existed has been cured. The defense counsel during examination of appellant asked:

Q. Your probation got revoked for failure to report; is that correct?

A. Yes, sir.

The admission of improper evidence does not constitute reversible error if the same facts are proved by other, proper testimony, as where the defendant voluntarily gives testimony substantially the same as that improperly admitted over objection. *Craver v. State*, 628 S.W.2d 155 (Tex.App. —Houston [14th Dist.] 1982, pet. ref'd), citing *Meadowes v. State*, 368 S.W.2d 203 (Tex.Crim.App.1963); *McCain v. State*, 363 S.W.2d 257 (Tex.Crim.App.1963). We find no reversible error exists with regard to the State's cross-examination of appellant concerning the reasons for his revocation of probation because appellant opened the door to this cross-examination when he indicated by his direct testimony that his probation was revoked only for his failure to report to his probation officer as directed by the court.

 In grounds of error three and four, appellant states that the trial court erred in admitting two exhibits, each evidencing a prior misdemeanor conviction which had been reduced from a felony. Appellant alleges that the exhibits, copies of judgments, are inadmissible under Tex.Code Crim.Proc. art. 37.07. The portion of each judgment which mentions that appellant had been charged with a felony was whited out. Appellant contends that the remaining material was enough to violate art. 37.07. As they were introduced at trial, the judgments read: "upon motion of the state, the second paragraph was reduced to a misdemeanor, the defendant on trial for

theft, a class A misdemeanor." A following paragraph starts out, "The defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above ..." Appellant points out that the prosecutor informed the jury several times that the misdemeanor was originally filed as a felony. Art. 37.07, § 3(a) does not permit the State to show the details of an offense of a prior conviction at the punishment hearing. *Johnson v. State*, 650 S.W.2d 784 (Tex.Crim.App.1983), citing *Lege v. State*, 501 S.W.2d 880 (Tex. Crim.App.1973); *Mullins v. State*, 492 S.W.2d 277 (Tex.Crim.App.1973); *Cain v. State*, 468 S.W.2d 856 (Tex.Crim.App.1971). In *Davis v. State*, 642 S.W.2d 510 (Tex. Crim.App.1982) the appellant complained that the judgment of a conviction that was introduced during the punishment stage of the trial contained language that should have been deleted. Specifically, it showed that appellant was indicted for a felony offense, but the offense was reduced to a class A misdemeanor. In *Davis* the court said the language should have been deleted. However, the *Davis* court said the failure to delete was not reversible error because the court could not conclude that the error was not harmless error beyond a reasonable doubt. The court in *Davis* held that, "In order for this type error to rise to reversible error, it must be established that there was a possibility the error affected either the guilt or punishment stages of the trial," citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Clark v. State*, 627 S.W.2d 693 (Tex.Crim. App.1982); *Clemons v. State*, 605 S.W.2d 567 (Tex.Crim.App.1980); *Jordan v. State*, 576 S.W.2d 825 (Tex.Crim.App.1978); *Montoya v. State*, 625 S.W.2d 25 (Tex.App.— San Antonio 1981, no pet.). In the instant case appellant has failed to demonstrate the harmful effect of the error beyond a reasonable doubt. Merely stating that the jury completed deliberations within three hours, rejected his probation application, and assessed a penalty in excess of the statutory minimum does not demonstrate the harm that would necessitate a reversal.

We find that any error in admitting the judgments in evidence was harmless error.

■ In ground of error five, appellant claims that the trial court failed to properly charge the jury on the law of parties despite defense counsel's timely objection. The relevant part of the charge allowed the jury to convict appellant if they believed beyond a reasonable doubt that appellant "... either acting alone or as party with Gary Wayne Fisher ... committed the theft." Appellant contends that there was no evidence to support the submission of the case upon the theory that appellant acted alone. We do not agree. There is more than enough evidence in the record to conclude that appellant himself performed all the acts needed to constitute burglary. Enough evidence also supports a finding that appellant ordered and assisted co-defendant Fisher. The appellant correctly could have been found guilty by the jury on either theory, under the evidence of this case.

According to Tex.Penal Code Ann. § 7.01(a):

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974) reads:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

\* \* \* \* \* \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense

In this case appellant could have been guilty by reason of his own conduct, and guilty by reason of the conduct of co-defendant Fisher, because of appellant's direction, aid, and encouragement to Fisher. Clearly, there was no error in the charge.

Accordingly, we affirm the judgment of the trial court.