**Thomas Lee GAMBLE, aka Thomas Edward Gamble, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1070–84.**

Court of Criminal Appeals of Texas, En Banc.

June 4, 1986.

---

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was tried by a jury for the offense of burglary of a habitation in Harris County. See V.T.C.A., Penal Code Sec. 30.02(a)(3). The jury, after returning a verdict of guilty, assessed punishment at 50 years in the Texas Department of Corrections. Appellant's co-defendant, Gary Wayne Fisher, jointly tried with appellant, was sentenced to 45 years in the Texas Department of Corrections. On direct appeal, appellant alleged five grounds of error. The Court of Appeals affirmed. *Gamble v. State,* 681 S.W.2d 769 (Tex.App. —Houston [14th] 1984). Fisher's conviction was also affirmed on direct appeal. *Fisher v. State,* 681 S.W.2d 202 (Tex.App. —Houston [14th] 1984) (pet. ref'd).

We granted review to determine whether the Court of Appeals erred in holding that appellant failed to demonstrate the harmful effect of the error in admitting State's exhibits six and seven. The exhibits admitted are copies of judgments of prior misdemeanor convictions, introduced during the punishment phase of appellant's trial. See Art. 37.07(3)(a), V.A.C.C.P.

Finding no error, we affirm.

The facts of the case are adequately set out in the Court of Appeals' opinion, 681 S.W.2d 770–771.

Appellant does not question the trial court's admission of the fact he had previously been convicted two times of misdemeanor theft, and served a sentence in the Harris County jail for each offense. Appellant's complaint is that the judgments indicate that the prior convictions were originally filed as felonies, but were reduced to misdemeanors.

Appellant objected before the exhibits were introduced, and a discussion of the matter, outside the presence of the jury, appears in the statement of facts. The trial judge subsequently ordered that the portion of each judgment which indicated the prior convictions had originally been indicted as felonies was to be "whited out."

Appellant claimed in the Court of Appeals that he was prejudiced by the failure of the trial court to additionally delete other words which indicated that the prior offenses had been reduced from felonies. After the judgments had been "whited out," the following handwritten words remained on the exhibits: "upon motion of the State, the second paragraph was reduced to a misdemeanor, the defendant on

trial for theft, a class A misdemeanor" [Ex. 6], and "upon motion of the State the offense was reduced to theft, a class A misdemeanor. The defendant on trial for theft, a class A misdemeanor." [Ex. 7].

The Court of Appeals found that under our holding in *Davis v. State*, 642 S.W.2d 510 (Tex.Cr.App.1982), the words probably should have been deleted, but any error in admitting the judgments was harmless. *Gamble*, supra, at 773. The Court of Appeals thus rejected appellant's contentions that the jury's returning a sentence in less than three hours, rejecting his application for probation, and giving a penalty in excess of the statutory minimum was an adequate show of harm.

■ We find the Court of Appeals was correct in its holding of harmless error. In *Davis*, supra, we held that words to the effect that the defendant had previously been charged with a felony was harmless beyond a reasonable doubt in light of the gross criminal conduct on the part of the defendant and several reputation witnesses presented by the State. *Davis*, supra, at 513.

In the course of committing the offense of burglary, appellant jumped on top of Wally Posey [the complaining witness] while he was asleep in his bedroom. Appellant held a gun to the side of Posey's head and demanded money. Appellant told Posey he would kill him if he moved. Appellant subsequently placed a pillow over Posey's head and told his co-defendant, Gary Fisher, to get a weapon to hit Posey with if he moved. Appellant left the bedroom. When Posey turned his head in response to a noise, Fisher hit Posey across the hand with a piece of metal. We find this type of conduct to be sufficient to justify the actions and verdict of the jury for which appellant complains.

In addition, in a subsequent paragraph in both exhibits, as well as in the title of State's exhibit six, there are printed words which indicate the prior convictions were originally indicted as felonies. This was not brought to the attention of the trial court, nor is it explained how "reduced to a misdemeanor" could be prejudicial when the printed language was not objected to. Appellant's objection to the judgments was specifically addressed to the handwritten portions and not any pre-printed parts of the judgments.

■ We further find that the fact that a felony offense was reduced to a misdemeanor is not a "detail" of the prior offense. See *Fairris v. State*, 515 S.W.2d 921 (Tex.Cr.App.1974), and *Knox v. State*, 487 S.W.2d 322 (Tex.Cr.App.1972), overruled on other grounds, *Bradford v. State*, 608 S.W.2d 918, at 921 (Tex.Cr.App.1980). Consequently, the introduction of such evidence is not prohibited by the cases which forbid details of a prior offense to be admitted for Art. 37.07(3)(a) purposes. See *Walker v. State*, 610 S.W.2d 481 (Tex.Cr.App.1980); *Lege v. State*, 501 S.W.2d 880 (Tex.Cr.App.1973); *Mullins v. State*, 492 S.W.2d 277 (Tex.Cr.App.1973).

Still further, we do not find appellant was harmed, because the same evidence of reducing the prior felony charges to misdemeanors was admitted elsewhere in the exhibits without objection. See *Montelongo v. State*, 681 S.W.2d 47 (Tex.Cr.App. 1984); *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980); *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1978), cert. den., 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979). Further, the verdict of the jury was more than justified by the actions of appellant in committing the offense. See *Davis*, supra.

The judgment of the Court of Appeals affirming the judgment of the trial court is affirmed.

CLINTON and MILLER, JJ., concur in the result.

TEAGUE, Judge, dissenting.

On direct appeal, the Houston [14th] Court of Appeals affirmed the jury conviction and sentence of 50 years' confinement in the Department of Corrections that was assessed Thomas Lee Gamble, a/k/a Thomas Edward Gamble, hereinafter referred to

as the appellant, who, for purposes of our felony probation law, was a first offender. See *Gamble v. State*, 681 S.W.2d 769 (Tex. App.—Houston [14th] 1984). The appellant was jointly tried with his codefendant, Gary Wayne Fisher, who was also convicted and assessed punishment at forty-five years' confinement in the Department of Corrections. Fisher's punishment was assessed pursuant to the amendment to V.T. C.A., Penal Code, Sec. 12.42(d), which now provides for a range of punishment for one who is to be punished as an habitual offender, whereas the law previously provided for automatic life imprisonment as punishment for one found to be an habitual criminal. Fisher's conviction was also affirmed by the same court of appeals. See *Fisher v. State*, 681 S.W.2d 202 (Tex.App. —Houston [14th] 1984) (P.D.R. refused).

The court of appeals, in affirming the appellant's conviction, rejected, inter alia, the appellant's contentions concerning the admissibility of certain State's exhibits into evidence during the punishment stage of the trial. The appellant asserted on direct appeal, inter alia, (1) that "State's Exhibit 6, (cause number 359,468), evidencing a prior misdemeanor conviction of appellant which had been reduced from a felony [to a misdemeanor]" was inadmissible evidence, and (2) that "State's Exhibit 7, (cause number 364,946), evidencing a prior misdemeanor conviction of appellant which had been reduced from a felony [to a misdemeanor]" was inadmissible evidence. Based upon the arguments and citations of authorities that the appellant urges, and the responses of the State, I find that appellant's complaints actually go to statements in the judgments that reflect that the charges were reduced to misdemeanor offenses.

The record reflects that by either order or agreement or both, certain statements in the judgments were "whited out"; in exhibit number 6 (cause number 359,468) the statements that the defendant had originally been charged with committing the offenses of burglary with intent to commit theft and felony theft and that the State was proceeding on the felony theft paragraph were "whited out"; in exhibit number 7 (cause number 364,946) the statements that the defendant had been charged in a two-paragraph felony indictment, with the first paragraph alleging that he committed the offense of burglary of a building with intent to commit theft and with the second paragraph apparently alleging that he committed the offense of felony theft, that the first paragraph was abandoned, and that the State was proceeding on the felony theft paragraph were all "whited out." For reasons not reflected by the record, the prosecuting attorney refused to agree to "white out" the statement on each judgment that reflected that upon the State's motion, the charge was reduced to the offense of misdemeanor theft. The trial judge also declined to order that such information should be "whited out."

The court of appeals, without deciding whether the trial court committed error in admitting the exhibits, as worded, into evidence, held: "We find that any error in admitting the judgments in evidence was harmless error."

We granted the appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly disposed of the appellant's contentions. I find that it did not and would reverse its judgment.

The appellant asserts the following in his petition for discretionary review: "With all due respect to the tribunal below, [its] holding is so grossly incorrect, ignores all applicable precedent, and creates such radically wrong law in a published opinion so as to more than justify this Court's intervention in this matter." I agree, from these statements, and the arguments he makes, it becomes obvious to me that the appellant takes issue with the finding of the court of appeals that if there was error in admitting the exhibits, as worded, into evidence, the error could not have been harmful to the appellant.

I find that in this particular instance it is necessary to first decide whether the trial court committed error in admitting the exhibits, as worded, into evidence, and, if the

trial court erred, then it is necessary to decide whether the error was harmless to the appellant.

The appellant testified at the guilt stage of the trial. When testifying, he admitted on cross-examination that he was the same person who had previously been convicted on February 5, 1982 of the offense of theft in cause number 325,302 in the 228th Judicial District Court of Harris County; admitted that he was the same person who had previously been convicted on October 15, 1982 of the offense of theft in cause number 359,468 in the 174th Judicial District Court of Harris County; and admitted that he was the same person who had previously been convicted on November 23, 1982 of the offense of theft in cause number 364,946 in the 209th Judicial District Court of Harris County. The jury was not made aware of the punishment that had been assessed in the above convictions or the fact that the convictions were for offenses which originally were felony offenses.

At the punishment stage of the trial, the State, over objections, had admitted into evidence State's exhibits numbered 5, 6, and 7. The admissibility of exhibit number 5 is not before us.[1] Exhibits numbered 6 and 7, which are the exhibits the appellant complains about, are the judgments pertaining to two of the above three convictions. They reflect, inter alia, in addition to what I have stated, that upon motions of the State, the cases were reduced to "Class A misdemeanors," the appellant pled guilty, and his punishment was assessed at one year's confinement in the Harris County jail in each case.

The appellant also testified at the punishment stage of the trial. He proved up his application for felony probation, and made a plea to the jury to recommend that he be placed on adult probation. The jury, by its verdict of 50 years, obviously rejected the appellant's plea for probation. Although

the prosecuting attorney impeached the appellant with the prior convictions he had previously sustained, the prosecuting attorney was not always as precise as he might have been when he questioned the appellant about his previous convictions.

On direct appeal, the appellant, relying upon this Court's panel opinion of *Davis v. State,* 642 S.W.2d 510 (Tex.Cr.App.1982), asserted that the following information in exhibits numbered 6 and 7 should have been deleted, i.e., in exhibit number 6, that pertains to cause number 359,468, "upon motion of the State, the second paragraph was reduced to a misdemeanor, the defendant on trial for theft, a class A misdemeanor"; in exhibit number 7, that pertains to cause number 364,946, "upon motion of the State the offense was reduced to theft, a Class A misdemeanor. The defendant on trial for theft, a Class A misdemeanor." The charging instruments were not introduced into evidence, nor are they in the record of appeal.

In *Davis,* supra, a panel of this Court, in a 1–1–1 decision, held that the State should not have been permitted to put into evidence that part of a judgment of conviction that contained information that pertained to a prior conviction in which the State had reduced the offense from that of a felony to that of a misdemeanor offense. Notwithstanding this holding, given the facts and circumstances of the case, it was also held that the error was harmless. No motion for rehearing was filed by either side.

The holding in *Davis,* supra, was obviously based upon the fact that under Art. 37.07, Sec. 3(a), V.A.C.C.P., which provides in part that "evidence may be offered [at the punishment stage of the trial] by the state or the defendant as to the prior criminal record of the defendant", the introduction of proof of a prior conviction should be limited to the fact of such conviction. See *Johnson v. State,* 650 S.W.2d 784, 792 (Tex.

---

**1.** State's Exhibit No. 5 relates to a deferred adjudication proceeding the appellant sustained on February 5, 1982 for committing the offense of misdemeanor theft. The judgment reflects that the appellant had been placed on "deferred" probation on April 28, 1981 for a period of three years, but his guilt was thereafter adjudicated. After adjudication, the appellant's punishment was assessed at one year confinement in the Harris County Jail.

Cr.App.1982), in which the following was stated: "It is well settled that Art. 37.07, Sec. 3(a), V.A.C.C.P., limits the introduction of a prior criminal record to the fact of conviction and does not permit the State to show the details of the offense. (Citations omitted) In addition the State is not permitted to allude to or in any way bring before the jury the surrounding facts in the prior conviction." (Citation omitted)

The term "prior criminal record" is statutorily defined to mean "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." Sec. 3(a), supra.

Thus, under Art. 37.07, supra, the fact that the defendant might have sustained in the past in a court of record a prior conviction is admissible evidence at the punishment stage of the trial. The question therefore is not whether evidence relating to the appellant's final convictions should have been admitted into evidence, but, instead, is whether the jury should have been made aware of the fact that two of the three prior convictions occurred *after* the State reduced the offenses from felonies to misdemeanors.

One method of proving up a prior final conviction may occur if the defendant himself judicially admits to the conviction. See *Laday v. State*, 685 S.W.2d 651, 652 (Tex. Cr.App.1985); *Daniel v. State*, 585 S.W.2d 688, 690–91 (Tex.Cr.App.1979); *Davison v. State*, 510 S.W.2d 316 (Tex.Cr.App.1974); *Beard v. State*, 458 S.W.2d 85 (Tex.Cr.App. 1970). In this instance, when the appellant testified at the guilt stage of the trial, he judicially admitted to the finality of the prior convictions. Thus, the fact of the prior convictions was established through the appellant's own lips, i.e., concerning his prior convictions, he himself "took the blindfold off." *Rojas v. State*, 404 S.W.2d 30, 34 (Tex.Cr.App.1966).

Evidence presented at the guilt stage of the trial may be considered by the assessor of punishment. *De Garmo v. State*, 691 S.W.2d 657, 661 (Tex.Cr.App.1985).

Thus, it was unnecessary for the State to have concerned itself with proving up the appellant's prior convictions at the punishment stage of the trial because it was the appellant himself who had proved up the prior convictions at the guilt stage of the trial. Cf. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Cr.App.1981). Nothing more was needed to establish the fact that the appellant had previously sustained the two prior misdemeanor convictions.

However, this did not preclude the State from again proving up at the punishment stage of the trial the prior convictions that the appellant had previously sustained.

When the Legislature enacted Art. 37.07, supra, how much information about a prior conviction did it intend that the assessor of punishment should have regarding a prior final conviction? In interpreting this statute, this Court has held that the State is not entitled to allude to or any way bring before the jury the facts surrounding the commission of the offense forming the basis for such a conviction. *Johnson v. State*, supra. Also see *Walker v. State*, 610 S.W.2d 481, 483 (Tex.Cr.App.1980); *Sherman v. State*, 537 S.W.2d 262 (Tex.Cr. App.1976); *Lege v. State*, 501 S.W.2d 880 (Tex.Cr.App.1973); *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App.1971).

I believe that where the defendant has been convicted of some offense other than that which was alleged in the original charging instrument, i.e., a lesser included offense, admitting into evidence statements going to what the defendant was originally accused of committing, or statements going to the fact that the State reduced the original charge from, for example, a felony to a class a misdemeanor leaves too much room for the assessor of punishment to speculate on irrelevant matters that might be prejudicial to the defendant. I would affirm what was stated in *Davis v. State*, supra: "In view of the terms of Art. 37.07, V.A.C. C.P., the information on the judgment of conviction that refers to the fact that the appellant had been charged with committing a felony offense should have been deleted," and further hold that the fact

that the original charge had been reduced upon motion of the State, if present in a judgment of conviction, should also be deleted. The trial court erred in overruling the appellant's objection, that the fact that the original charges that led to the appellant's misdemeanor convictions had been reduced upon motions of the State should have been deleted from the judgments of convictions. Cases such as *Fairris v. State*, 515 S.W.2d 921 (Tex.Cr.App.1974), should be expressly overruled.

I must now consider whether the error was harmless to the appellant.

In order for this type error to rise to the level of being reversible error, it must be established that there was a reasonable possibility that the error affected either the guilt or punishment stages of the trial. *Davis v. State*, supra. Also see *Garrett v. State*, 632 S.W.2d 350, 354 (Tex.Cr.App. 1982). The test for harmless error is not whether a conviction should have been had, or that the punishment that was assessed should not have been assessed, but, instead, is whether there is a reasonable possibility that the error might have contributed either to the finding of guilt or the punishment that was assessed. *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985).

I need not detail here the gory facts that caused the jury to find the appellant guilty because I find that the court of appeals in its opinion has more than adequately set them out. They reflect gross misconduct upon the part of the appellant. For a private citizen, such as the complainant, to be asleep in his bed and awakened by uninvited and armed, but known, intruders, almost at the stroke of midnight, who thereafter terrorize and inflict bodily injury upon him, has got to be a terrifying experience. However, the jury was not made aware at the guilt stage of the trial by the prosecuting attorney of the fact that the charges that resulted in the appellant being convicted of misdemeanor offenses had been reduced from felonies to misdemeanors. Thus, there is no way that the error could have affected the jury's finding the appel-

lant guilty of the offense for which he was on trial.

However, and notwithstanding the fact that references in the judgments of convictions to the fact that the original charging instruments were felonies were "whited out", either pursuant to court order or by agreement or by both court order and agreement, the prosecuting attorney nevertheless verbally made it known to the jury at the punishment stage of the trial that the original charges were felonies, and furthermore verbally made it known to the jury that on motion of the State the original charges had been reduced to misdemeanor offenses. He highlighted this many times during the punishment stage of the trial: when he summarized the judgments as he offered them into evidence, which occurred before the exhibits had even been admitted into evidence by the court; when he cross-examined the appellant; and, lastly, when he argued to the jury. Implicit in all of this was the prosecuting attorney's obvious objective in getting the jury to assess "not less than 25 years" as the punishment, which objective, by the jury verdict of 50 years, he accomplished.

In *Davis v. State*, supra, one of the main reasons why it was held that the same kind of error as here was harmless was because "The jury was not informed by the prosecuting attorney that appellant had been originally charged with committing a felony," and that "The record [did] not reflect that the jury ever requested or received the judgment of conviction."

In this cause, however, the jury was expressly informed by the prosecuting attorney that the two prior misdemeanor convictions that the appellant had sustained were based on charging instruments that accused him of committing felony offenses, but, on motions of the State, which were granted, the charges were reduced to misdemeanor offenses.

I find and would hold that any rational trier of fact would have found the State's case "significantly less persuasive" had the above information regarding reduction

been excluded from the jury. *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 1060, 31 L.Ed.2d 340 (1972).

Given the above facts and circumstances, I am unable to agree that the error in admitting the evidence that pertained to the reduction of the offenses was harmless beyond a reasonable doubt, because I find that there is a reasonable possibility that this information could have affected the jury's decision to assess the appellant's punishment at 50 years' confinement in the Department of Corrections.

I dissent to the majority opinion's affirming the appellant's conviction.