NUMBER 13-05-174-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROBERT GENE LEOS GARZA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 398th District Court 

of Hidalgo County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 This is an appeal from a guilty verdict in a jury trial. Count two of the
indictment charged appellant, Robert Gene Leos Garza, with the attempted capital
murder of Karla Espino Ramos, while count three charged him with the attempted
capital murder of Magda Torres Vasquez. See Tex. Penal Code Ann. §§ 15.01, 19.03
(Vernon 2003). (1) The jury found appellant guilty of both charges and assessed a life
sentence as to each one. By five points of error, appellant contends the following: 
(1) the trial court erred in denying his motion to suppress his statement because the
statement was not given voluntarily; (2) trial counsel offered ineffective assistance by
failing to object to hearsay testimony admitted during trial, a violation of the
confrontation clause, and by failing to provide or offer any mitigating evidence; (3) his
Fifth Amendment constitutional right against self-incrimination was violated when he
was forced to show his tattoos to the jury; (4) the factual sufficiency of the evidence
fails to substantiate the jury's finding of guilt; and (5) trial counsel offered ineffective
assistance by failing to provide or offer any mitigating evidence and by not objecting
to hearsay evidence which was admitted during the punishment phase of the trial. We
affirm.

I. Direct Appeals to the Court of Criminal Appeals of Counts One and Four

 Garza was also charged in count one with the offense of capital murder, based
on an allegation that he had caused the deaths of Celina Linares Sanchez, Lourdes
Yesenia Araugo Torres, Danitzene Liseth Vasquez Beltran, and Maria De La Luz
Bazaldua Cobarrubias during the same criminal transaction, see id. § 19.03(a) (Vernon
Supp. 2006), and charged in count four with the offense of engaging in organized
criminal activity for causing the deaths of those individuals by shooting them with a
firearm during the same criminal transaction and committing the offense as a member
of a criminal street gang. See id. § 71.02 (Vernon Supp. 2006). The jury found
appellant guilty of those charges and answered "Yes" to the future dangerousness and
anti-parties death penalty special issues and "No" to the mitigating circumstances
issue as to both counts. The trial court imposed death sentences as to counts one and
four. See Tex. Code Crim. Proc. Ann. art. 37.071, § 2(g) (Vernon 2006).

 Appellant sought direct review in the Texas Court of Criminal Appeals of the
death sentences imposed as to counts one and four. See id. art. 37.071, § 2(h)
(Vernon 2006); Tex. R. App. P. 71.1. In his direct appeals, appellant raised five points
of error, virtually identical to those raised in this Court, including the following: (1) the
trial court erred in denying his pre-trial motion to suppress his statement given to
investigators on January 26, 2003, because the statement was involuntary; (2) trial
counsel rendered ineffective assistance because he failed to object to hearsay evidence
that violated the confrontation clause, specifically counsel's failure to object to
Sifuentes's testimony about information received from T.C.B. members who did not
testify at trial; (3) the trial court erred in requiring him to display his T.C.B. tattoos to
the jury because this violated his Fifth Amendment right against self-incrimination; (4)
the evidence was factually insufficient to support the jury's finding of guilt; and (5)
trial counsel rendered ineffective assistance because he failed to provide or offer any
mitigating evidence during the punishment phase of the trial. See Garza v. State, 213
S.W.3d 338, 344-48 (Tex. Crim. App. 2007). (2)

 On August 4, 2006, pending the outcome of the direct appeals, this Court
abated the present appeal. On January 31, 2007, the court of criminal appeals handed
down its published opinion in regard to the death penalty direct appeals rejecting
appellant's challenges to the trial court's denial of his motion to suppress his
statement, the trial court requiring him to display his tattoos to the jury, and the
factual sufficiency of the evidence to support his conviction. See id. at 344-47. It
also rejected appellant's claims that his attorneys had failed to render effective
assistance of counsel by failing to object to an investigator's mention of information
received from gang members who did not testify at trial and by failing to present any
mitigating evidence at the punishment phase of trial. Id. at 347-48. On March 29,
2007, after the court of criminal appeals disposed of the direct appeals, we reinstated
the present appeal.

II. Analysis

A. Points of Error Addressed by the Court of Criminal Appeals

 Based on the sound reasoning in the court of criminal appeals' January 31,
2007 opinion in the related death penalty direct appeals, see id. at 344-48, we
overrule the following: (1) point of error one challenging the trial court's denial of his
motion to suppress his statement; (2) point of error two complaining of trial counsel's
alleged failure to object to hearsay testimony admitted during trial; (3) point of error
three challenging the trial court's requiring appellant to show his tattoos to the jury;
and (4) the part of point of error five challenging trial counsel's alleged failure to
provide or offer any mitigating evidence during the punishment phase of trial.

B. Factual Sufficiency

 In his fourth point of error, appellant contends that the evidence was factually
insufficient to support the jury's finding of guilty of attempted capital murder. (3) In a
factual sufficiency review, an appellate court views all of the evidence in a neutral light
and will set aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Id. at 344 (citing Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). "A clearly wrong and unjust
verdict occurs where the jury's finding is 'manifestly unjust,' 'shocks the conscience,'
or 'clearly demonstrates bias.'" Id. (citing Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997)).

 Appellant was indicted for two attempted capital murders. In count two, he
was indicted for attempted capital murder--with the specific intent to commit the
offense of capital murder of Karla Espino Ramos, by shooting Karla Espino Ramos with
a firearm, which amounted to more than mere preparation that tended but failed to
effect the commission of the offense intended; during the same criminal transaction
appellant intentionally and knowingly caused the deaths of Celina Linares Sanchez,
Lourdes Yesenia Araujo Torres, Danitzene Liseth Vasquez Beltran, and Maria De La Luz
Bazaldua Cobbarrubias. In count three, appellant was indicted for the attempted
capital murder of Magda Torres Vasquez during the same criminal transaction. The
charge authorized the jury to convict appellant if it found that either he attempted to
shoot the victims with a firearm or acted with intent to promote or assist Mark
Anthony Reyna, Guadalupe Guerra, and Ricardo Martinez in committing capital murder,
and appellant did then and there solicit, encourage, direct, aid or attempt to aid Reyna,
Guerra, and Martinez in committing the offense. Because the jury was charged on the
law of parties, see Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003), proof that
appellant actually fired the shots is not necessary. Garza, 213 S.W.3d at 344 (citing
Rabbani v. State, 847 S.W.2d 555, 558-59 (Tex. Crim. App. 1992) (en banc)).

 Appellant contends that although there was a substantial amount of evidence
collected at the scene of the crime, none of it was linked to him. He also argues that
the evidence was insufficient because "aside from the tainted and coerced confession,
there is no lawfully obtained evidence, physical or otherwise, linking [a]ppellant to the
shooting." "However, in evaluating whether the evidence is sufficient to sustain a
conviction, we consider all the evidence that the trial judge permitted the jury to
consider, including erroneously admitted evidence." Id. (citing Knox v. State, 934
S.W.2d 678 (Tex. Crim. App. 1996); Gribble v. State, 808 S.W.2d 65 (Tex. Crim.
App. 1990)).

 In his statement, appellant admitted that he received instructions on September
5, 2002, to carry out a "hit" with Martinez, Reyna, and Manny that "resulted in the
death of four Donna [wo]mans [sic]." Appellant told Martinez where to get a vehicle
that had been left for them. They went to a bar in Donna located "off old [highway]
83." Appellant's statement also indicates that Martinez picked up appellant and
Reyna, that Martinez had several weapons with him including an AK-47 and a TEC-9,
that appellant, Martinez, and Reyna picked up Manny to check out Garcia's Bar and
to get a second vehicle, and that appellant and Reyna got into that vehicle and
followed Martinez and Manny back to Donna. A Grand Am passed them, and
appellant saw the first car pull over and both vehicles take off again. Appellant stated
he saw the first car turn into what looked like a big house or an apartment complex,
the second car kept going and then pulled over, and Manny and Martinez "jumped off
the v[e]hicle" and ran toward the house. Appellant heard gunshots and saw Manny
running toward the house, shooting as he ran, and Martinez shooting as he stood at
the edge of the street. Manny and Martinez ran back to the vehicles; Martinez got into
the car appellant was in and Manny into the other car.

 As the court of criminal appeals set out, the State presented corroborating
evidence that the shooting took place on September 5, 2002, just outside the Donna
city limits and that sixty-one shots had been fired at a parked Pontiac Grand Am. Id. 
at 345. Four of the six women inside the vehicle died. All of the women worked at
Garcia's Bar, located off Business 83 in Donna. Forensic evidence further corroborated
appellant's statement. Testimony established that a TEC-9 fired eighteen of the nine-millimeter casing found at the scene, and that three SKS rifles, which looked like AK-47 rifles, could have fired some of the casings found at the scene. As the court of
criminal appeals concluded, "[t]his was consistent with the appellant's observation of
an AK-47 and a TEC-9 in the shooters' trunk." Id.

 And appellant's complaint that other suspects were identified as the shooters,
is not persuasive because, under the law of parties, the State was not required to
prove appellant was one of the shooters. Also, as noted by the court of criminal
appeals, the State showed that several of the other suspects had been eliminated after
further investigation. Id. Finally, appellant matched one of the witness's description
of one of the shooters. Id.

 Although the State's evidence does not affirmatively show appellant fired the
shots in an attempt to murder Ramos and Vasquez, at the very least the evidence
established beyond a reasonable doubt his participation in the offense as a party. The
evidence was not so weak that the verdict was clearly wrong and manifestly unjust,
and the contrary evidence was not so strong that the standard of proof beyond a
reasonable doubt could not have been met. Point of error four is overruled.

C. Ineffective Assistance of Counsel

 By his remaining sub-issue in his fifth point of error, appellant contends that his
trial attorney provided ineffective assistance by failing to object to "volumes of hearsay
testimony offered by the State during the punishment phase." The specific records
about which appellant complains include the following: (1) a certified copy of a
judgment issued by the court on February 13, 1997, that placed appellant outside his
home and at the Hidalgo County Youth Village; (2) a certified copy of a November 21,
1997 court order committing appellant to the Texas Youth Commission; (3) a certified
copy of a February 2002 judgment for the offense of escaping while confined and
placement in the Texas Department of Corrections Institutional Division; and (4) a
certified copy of a July 9, 2002 judgment placing appellant on probation--community
supervision--for the same offense. He complains that because the reports were
"testimonial" and were read by witnesses for the State who had no first-hand
knowledge of the facts, they were inadmissible under the Confrontation Clause.

 The challenged evidence, however, consisted of court records concerning
appellant's juvenile and adult criminal records, which are admissible in the punishment
phase under Texas Code of Criminal Procedure article 37.07, section 3(a), (4) and which
were properly admitted under the public records exception to the hearsay rule pursuant
to Texas Rule of Evidence 803(8). (5) See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(Vernon 2006); Tex. R. Evid. 803(8); Gamble v. State, 717 S.W.2d 14, 15 (Tex. Crim.
App. 1986) (en banc) (allowing State to admit copies of judgments of prior
misdemeanor convictions at punishment phase); see also Webb v. State, 840 S.W.2d
543, 548 (Tex. App.-Dallas 1992, no pet.) (citing Fairris v. State, 515 S.W.2d 921,
923 (Tex. Crim. App. 1974) (providing that pleadings such as an indictment,
complaint, and information, are admissible under section 37.07 to prove a defendant's
criminal history). Additionally, the case upon which appellant relies regarding his
confrontation argument, Russeau v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005),
is distinguishable. Russeau relied on Crawford v. Washington, 541 U.S. 36, 59
(2004), to hold that graphic and detailed jail incident reports and prison disciplinary
reports were testimonial in nature and, thus, were improperly admitted at the
punishment phase of trial as business records because Russeau did not have the
opportunity to confront the declarants. See id. at 880-81. In the present case,
however, the challenged evidence consisted of certified court documents concerning
appellant's juvenile and adult criminal records, not incident reports and disciplinary
reports. Thus, appellant's reliance on Russeau is misplaced.

 Finally, even were we to determine that the complained-of exhibits violated article
37.07 or were hearsay, counsel's reasons for his actions or intentions do not appear in
the record. Under Strickland, because counsel's conduct could have been part of a
reasonable trial strategy, without more, we must defer to counsel's decisions not to
object to this material being admitted as evidence, and deny relief. See Garza, 213
S.W.3d at 348 (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984);
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Ortiz v. State, 93 S.W.3d
79, 88-89 (Tex. Crim. App. 2002); Chambers v. State, 903 S.W.2d 21, 33 (Tex. Crim.
App. 1995)).

 We overrule the remaining sub-issue of appellant's fifth point of error, that
appellant's trial attorney provided ineffective assistance by failing to object to "volumes
of hearsay testimony offered by the State during the punishment phase."

III. Conclusion

 Accordingly, we affirm the judgment of conviction and punishment as to counts 


two and three. 

 


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.
1. For convenience we cite to the current versions of the penal code, code of criminal procedure
and rules of evidence because no substantive amendments, if any, have been made since the time of
appellant's offense.
2. After original submission, the court of criminal appeals ordered the parties to brief the following
additional issues: (1) does section 1.02 define organized criminal activity as an offense susceptible to
capital punishment when the offense that the accused commits as a member of a criminal street gang
is capital murder, which is one of the offenses enumerated in subsection (1)(a); and (2) if so, does it
violate the multiple-punishment prohibition of the Double Jeopardy Clause of the Fifth Amendment to
assess the death penalty against appellant both for the capital murder itself and for committing capital
murder as a member of a criminal street gang. Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim. App.
2007).

 

 Regarding these issues, the court of criminal appeals held that capital punishment was not
available under these circumstances. Id. It also concluded that it did not violate double jeopardy to try
and to punish appellant in a single proceeding for both the capital murder offense and the organized
criminal activity offense. Id. The court of criminal appeals set aside appellant's conviction as to count
four, the engaging in organized criminal activity charge, and remanded that count to the trial court for
re-sentencing as a first degree felony. Id. at 351-52. Because this analysis relates only to count four,
we need not address it in the present appeal.
3. As did the court of criminal appeals, we note that in a single point of error appellant challenges
the factual sufficiency of both attempted capital murder charges. See id. at 344 n.11. Because
appellant does not distinguish them, neither shall we. 
4. Article 37.07, section 3(a), generally provides that, after a finding of guilty, evidence of
appellant's prior criminal record relevant to the sentencing may be offered during the punishment phase. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 2006).
5. Rule 803(8) of the rules of evidence provides a hearsay exception for the following:


 Records, reports, statements, or data compilations, in any form, of public offices or
agencies setting forth: (A) the activities of the office or agency; (B) matters observed
pursuant to duty imposed by law as to which matters there was a duty to report,
excluding in criminal cases matters observed by police officers and other law
enforcement personnel; or (C) in civil cases as to any party and in criminal cases as
against the state, factual findings resulting from an investigation made pursuant to
authority granted by law; unless the sources of information or other circumstances
indicate lack of trustworthiness.


Tex. R. Evid. 803(8).