Horace W. KEENER, Appellant,

v.

The STATE of Texas, Appellee.

No. 28770.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

On Motion for Rehearing March 27, 1957.

J. R. Creighton, Mineral Wells, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is murder; the punishment, twelve years in the penitentiary.

■ The statement of facts appearing in the record is not shown to have been filed with the clerk of the trial court as required by Sec. 4 of Art. 759a, Vernon's Ann.C.C.P., which reads: "The. defendant shall file said Statement of Facts, in duplicate, with the clerk of the trial court within ninety (90) days after the date of giving notice of appeal."

The statement of facts not having been filed with the clerk of the trial court as required by this statute cannot be considered. Williams v. State, Tex.Cr.App., 264 S.W.2d 112.

■ In the absence of a statement of facts which can be considered, we are not in position to pass upon questions pertaining to the court's charge and admissibility of the evidence. Hankins v. State, Tex.Cr.App., 294 S.W.2d 850.

■ The indictment, as well as all other matters of procedure, appears to be regular; therefore, nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

The statement of facts is now shown to have been timely filed and the questions raised in the appeal will be considered.

The deceased, Kenneth Daley, was brought to a hospital in Weatherford in a state of shock, where he died as a result of a shot gun wound in the left groin.

Appellant admitted in his confession that he shot the deceased but testified that he did so because Daley was making an attack upon his wife, Kathleen Daley, and "I thought that he was about to kill her and carry out what he told her that he was going to, and what he told me that he was going to do."

The State offered in evidence appellant's confession in which he said that the deceased was pulling his wife's hair "and I thought trying to pull her out of the car. I asked him to leave her alone. He refused to and kept fighting with her. I walked to my truck and got my 12 gauge shot gun and walked up to about 8 feet from Kenneth. I asked him again to leave her alone and when he refused, I shot him."

Appellant's testimony concerning the attack upon Mrs. Daley by the deceased, and the threats by the deceased to kill her, was corroborated by Mrs. Daley who testified as a witness for the defense.

In his opening statement to the jury the district attorney announced the State's theory of the case stating that the State expected to prove that appellant shot and killed the deceased with malice aforethought, not because he thought that the deceased was about to kill his own wife, but because appellant was in love with her; that such love was returned, and the motive for the killing was the love which appellant bore for the wife of the deceased.

In his testimony at the trial appellant said that he did not intend to kill the deceased but got the shot gun out of his truck to threaten the deceased; that he presented the gun saying "Kenneth, I have got a gun on you, so turn her loose"; that the deceased "just looked at me and gave me an awful look, and the gun went off."

At this time, according to appellant's testimony, the deceased had his arm clamped around his wife's neck and had pulled her partly out of the car window and she was screaming for help.

The district attorney attempted to prove by Mrs. Daley the State's theory of the case, but she denied any love for appellant or that she knew of any love which appellant may have had for her.

Upon cross-examination appellant testified that he was unable to explain why he did not use the shot gun to strike the deceased rather than to shoot him, or why he did not shoot him in a less vulnerable spot than the groin and abdomen.

The court charged upon murder with and without malice, and defense of another against an attack giving rise to apprehension of danger of death or serious bodily injury.

This portion of the charge did not contain an abstract definition of defense of another against such an attack, but applied the law to the facts.

No objections were addressed to such submission of appellant's defense.

■ Over objection of appellant, the court further submitted to the jury the law relating to defense of another against a lesser attack, authorizing an acquittal provided all other means for the prevention of the injury were first resorted to.

We have concluded that the court erred in submitting this charge to the jury and that the error requires that the judgment be reversed and appellant be granted another trial.

Under the undisputed evidence, the deceased was making an attack upon his wife at the time he was shot.

If, as appellant claimed, he presented the shot gun only as a threat, or if appellant shot the deceased because it reasonably appeared to him at the time that the deceased was in the act of killing his own wife, the homicide was justified.

On the other hand, if it did not reasonably appear to appellant that Mrs. Daley was in danger of death or serious bodily injury at the hands of the deceased at the time the shot was fired, and appellant intentionally fired the shot gun because of the motive suggested by the State, or for any reason other than in defense of Mrs. Daley's life or in defending her against ser-

ious bodily injury, he was not justified in said killing.

■ Upon another trial, the district attorney should be given opportunity to prove, if he can, that appellant threatened to kill another man because of the wife of the deceased, and to show any relationship between the appellant and Mrs. Daley which would shed light on appellant's motives and intent. However, unless the questions are propounded in good faith, the attorneys for the State should refrain from attempting to establish their theory by questions alone.

The judgment is reversed and the cause remanded.