IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-159-CR




DARRELL BERNARD BROWN,



 APPELLANT

vs.




THE STATE OF TEXAS,



 APPELLEE

 




NO. 3-92-354-CR




DENNIS LEE BROWN,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE

 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0915306, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 




 In a joint trial appellants were found guilty of the offense of murder. See Tex.
Penal Code Ann. § 19.02 (West 1989). The jury assessed punishments for appellants Darrell
Brown and Dennis Brown at confinement for seventy-five years and confinement for forty-five
years, respectively. In a common point of error, appellants assert that the trial court erred in
failing to charge the jury that Daren Clark was an accomplice witness as a matter of law. In
additional points of error two through seven, Darrell Brown contends the trial court erred in
overruling his objections to the admission of irrelevant and prejudicial evidence concerning the
details of prior offenses. We will overrule appellants' points of error and affirm the judgments
of the trial court.

 We first address appellants' common point of error concerning the trial court's
failure to instruct the jury that Clark was an accomplice witness as a matter of law. This
necessitates a review of the following testimony of Clark. Clark had been on friendly terms with
appellants for several years and went to their house on the night in question to drink beer and play
dominoes. During the course of the evening, Clark heard Darrell and Renee Aparicio talk about
a gun Darrell had borrowed from Aparicio. Darrell said he wanted the gun to "hit a lick," a
"street phrase" Clark understood to mean to "rob or mug somebody." It immediately became
clear to Clark that Michael Sterling was the intended victim because Darrell asked Aparicio how
much money Sterling had on his person. After everyone had left except Clark and appellants,
Darrell asked, "was I ready to hit a lick?" Clark responded, "I wasn't down for no stupid s_ _ _
like that." Later while Dennis and Clark were playing dominoes in the backyard, Darrell "backed
up toward the fence" and asked Clark, "What all you could see of him [Darrell]?" After telling
Darrell he could see his shoes, Darrell said, "[T]hat's all I have to do is change shoes and I'll be
able to take him out from here." After Darrell asked Clark again if he was going to be a part of
it, Clark responded, "I wasn't going to be a part of it, I was leaving."

 After making stops at a service station and a laundromat, Clark started toward his
friend Julia's house. While walking toward her home, a truck in which Julia was a passenger
stopped next to Clark. After Clark asked for a ride home, they went to appellants' house to meet
Julia's son who Julia said would give Clark a ride to his house. Upon arrival at appellants' house,
Darrell told Clark that he "popped" Sterling. Clark was surprised to learn that appellants had shot
Sterling, and refused Darrell's request to help them search Sterling's body. Clark declined
Darrell's additional request to help appellants load Sterling's body into a car appellants had
borrowed. When Clark's ride with Julia's son did not materialize, Clark helped appellants start
the car because he needed a ride home. Appellants had not disposed of Sterling's body when they
left Clark at his house. 

 A person is not an "accomplice witness" if he cannot be prosecuted for the offense
for which the accused is charged. See Creel v. State, 754 S.W.2d 205, 213 (Tex. Crim. App.
1988). To be criminally responsible for an offense committed by another, a person must be
"acting with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code Ann.
§ 7.02(a)(2) (West 1974). A witness is not an accomplice witness merely because he or she knew
of the offense and did not disclose it, or even concealed it. See Russell v. State, 598 S.W.2d 238,
249 (Tex. Crim. App. 1980), cert. denied, 449 U.S. 1003 (1981). If there is doubt whether a
witness is an accomplice witness, the trial court may submit the issue to the jury on whether the
witness was an accomplice as a matter of fact "even though the evidence weighs in favor of the
conclusion that the witness is an accomplice as a matter of law." See Kunkle v. State, 771 S.W.2d
435, 439 (Tex. Crim. App. 1986), cert. denied, 492 U.S. 937 (1989). In the instant cause, the
trial court instructed the jury on the factual issue of whether Clark was an accomplice witness.

 Clark did not actually participate in the murder, nor is there any showing that Clark
was indicted for any offense growing out of the instant offense. Appellants urge that Clark is an
accomplice witness because he told Darrell Brown that he could see his shoes, and in light of the
fact that Clark helped appellants start the car after appellants had loaded the deceased's body into
the vehicle. We find these facts insufficient to show that Clark participated in the murder of the
deceased. Therefore, Clark was not an accomplice witness as a matter of law. See Kunkle, 771
S.W.2d at 439. Appellants' first point of error is overruled.

 Appellant Darrell Brown groups his points of error two through seven together for
discussion. In points of error two through four, appellant asserts that the trial court erred in
admitting, over his objections, evidence of the details of three prior misdemeanor convictions. 
Appellant, in points of error five through seven, urges that the probative value of the evidence of
each of these convictions was substantially outweighed by the danger of unfair prejudice. While
conceding that the judgments of the prior convictions were admissible, appellant complains of the
introduction of the complaints and informations in each of these causes. Appellant reasons that
the pleadings contain facts and circumstances that are not relevant to the determination of any
issue in the instant cause.

 In proving a defendant's criminal record at the punishment stage of the trial, the
courts have held that the indictment, complaint and information upon which the convictions are
based are admissible. See Knox v. State, 487 S.W.2d 322, 326 (Tex. Crim. App. 1972),
overruled on other grounds, 608 S.W.2d 918, 920 (Tex. Crim. App. 1980); Webb v. State, 840
S.W.2d 543, 548 (Tex. App.--Dallas 1992, no pet.). The instant cause is distinguishable from
Walker v. State, 610 S.W.2d 481, 482 (Tex. Crim. App. 1980), cited by appellant, where the
prosecutor sought to elicit details of a prior conviction for incest.

 It appears to be appellant's further contention (points of error five through seven)
that if the pleadings were relevant, the probative value of such evidence was substantially
outweighed by the danger of its unfair prejudice. In such instances the evidence may be excluded. 
See Tex. R. Crim. Evid. 403. The party contesting the admission of relevant evidence has the
burden of showing that the negative attributes "substantially outweigh" any probative value. 
Duckett v. State, 797 S.W.2d 906, 914 (Tex. Crim. App. 1990), overruled on other grounds, 849
S.W.2d 817, 819 (Tex. Crim. App. 1993). The only attempt appellant makes to show the
prejudicial effect of the evidence is to note that the complaint in the criminal mischief offense
revealed that the appellant was alleged to have "damaged the door of the complainant." We hold
that the probative value of the pleadings accompanying the judgments of prior convictions was not
substantially outweighed by the danger of their unfair prejudice. Appellant Darrell Brown's
points of error two through seven are overruled.

 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, B. A. Smith and Davis*

Affirmed on Both Causes

Filed: March 23, 1994

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).