**Edwardo MORENO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–457–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 3, 1998.

Rehearing Overruled Oct. 22, 1998.

---

1. Having sustained point two and rendered a take-nothing judgment, we need not address Hang–On's remaining points.

George Timber, Ward Casey, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Anne E. Swenson, Assistant District Attorney, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant Edwardo Moreno was convicted by a jury of aggravated possession of cocaine with intent to deliver on a plea of not guilty. The trial court sentenced him to 50 years' imprisonment and imposed a $10,000 fine, taking into account repeat offender enhancements. Appellant raises five issues in this appeal. We affirm.

### IDENTITY OF THE CONFIDENTIAL INFORMANT

■ Appellant asserts in his first issue that the trial court erred by limiting his cross-examination of the arresting officer, Michael J. Kennedy, concerning the confidential informant's participation in the charged offense. Appellant filed a motion for disclosure of the informant's identity, on which the trial court held a hearing.

■ The rules of evidence provide that if the informant may be able to provide testimony that is necessary to a fair determination of a material issue at guilt/innocence, the trial court must conduct an in camera review of affidavits or other evidence to determine whether the informant might indeed provide the necessary testimony. *See* TEX.R. EVID. 508(c); *Bodin v. State*, 807 S.W.2d 313, 317 (Tex.Crim.App.1991). The defendant has the burden to provide the trial court with some showing that the informant's testimony may be necessary and "mere conjecture or supposition about possible relevancy is insufficient." *Bodin*, 807 S.W.2d at 318; *see also Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim.App.1991). Participation in the offense or presence at the time of arrest or search has traditionally been sufficient to establish the exception to the confidentiality privilege. *See generally Bodin*, 807 S.W.2d at 317; *Ro-*

*viaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

Appellant argues that the trial court prevented him from asking Officer Kennedy about the informant's participation in the offense. The question, Appellant asserts, would have helped him make the showing required to necessitate the trial court's further review of his request to disclose the informant's identity. The State argues that the trial court did not deny Appellant anything; he obtained the answer and information he told the trial court he sought. At the pretrial hearing, this exchange occurred:

[DEFENSE COUNSEL]: Did, as you have outlined, the customer or the confidential informant participate in this particular criminal activity?

[PROSECUTOR]: I object, Your Honor. That—that question is not specific.

[THE COURT]: Yes. That's too broad and vague. I'm going to sustain the objection as to that, counsel.

[DEFENSE COUNSEL]: Did the confidential informant and the customer set out in State's Exhibit 1 participate in this activity on or about June the 6th, 1994?

[PROSECUTOR]: Again, Your Honor, I object. The question is too broad.

[THE COURT]: It's multiplicitous, counsel.

[DEFENSE COUNSEL]: I was just trying to make it as specific as I can.

[THE COURT]: Are you talking about one person or the other person?

[DEFENSE COUNSEL]: Both.

[THE COURT]: It's multiplicitous the way you've asked it. And I must sustain the objection.

[DEFENSE COUNSEL]: Did the confidential informant participate in the June 6th, 1994 criminal activity at 5008 Geddes?

[PROSECUTOR]: I object, Your Honor, again. Well, first off, that's not specific by the term participate.

And I would further submit, Your Honor, that—well, if I could take the—

[THE COURT]: I will narrow it down myself. If he intends to ask whether the confidential informant was present at the time of the discovery of the narcotics, I would permit him to ask that question.

[DEFENSE COUNSEL]: That's what I was getting at.

[PROSECUTOR]: And I would ask that the question be narrowed to upon execution of the warrant.

[THE COURT]: Yes. At the time of the execution of the warrant, the entry of the house, and the immediately succeeding activity, that is the discovery of the narcotics. If you wish to inquire as to whether the confidential informant was present at that time, I will permit you to do so. And I will tell the State I will permit him to answer that.

[DEFENSE COUNSEL]: Thank you, Your Honor.

You've heard the discussion. Was the confidential informant present at the time the warrant was executed?

[WITNESS]: No. The confidential informant was not his wife or his girlfriend and the informant was not present.

We agree with the State that Appellant never during this excerpt made the trial court aware of any complaint regarding his desire to establish the informant's participation in the transaction. Appellant seems to have gotten the information he sought. He specifically informed the court that the court's interpretation of the question was "what [he was] getting at." Appellant must receive an adverse ruling on a specific, timely complaint in order to present any error for our review. *See* TEX.R.APP. P. 33.1(a). We find no ruling against Appellant and no objection comporting with his complaint on appeal. Thus, we overrule issue one.

### THE STATE'S INAPPROPRIATE QUESTION

In issues two through four, Appellant complains about a question by the State to Officer Kennedy that was withdrawn after Appellant's objection. The question was: "Did you ask this defendant if the cocaine that you found was his?" Issues two and three urge that the question was improper, and issue four contends the trial court erred by denying his request for a mistrial after the question had been asked.

Appellant contends that the question, although unanswered because he timely objected, invited the jury to speculate that either he invoked his right to silence or he made a confession they were not allowed to hear. He also asserts that the State engaged in prosecutorial misconduct. None of these complaints were preserved for our review. After the question was asked, Appellant objected, but stated no grounds and simply asked to remove the jury. The trial court obliged, and, once the jury was out of the courtroom, the State withdrew the question. A general objection preserves nothing for review. *See* TEX.R.APP. P. 33.1(a); *Goodrich v. State*, 632 S.W.2d 349, 349 (Tex.Crim. App.1982); *Safari v. State*, 961 S.W.2d 437, 442 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd, untimely filed). Furthermore, after the State withdrew the question, the trial court asked "Does that satisfy you, counsel?" to which Appellant replied, "Yes, Your Honor." We overrule issues two and three.

Following a short break, however, Appellant returned and moved the court for a mistrial.

> We move for a mistrial on the grounds that any type of correction, or cure, or statement from the court to the jury would not correct this type of appearance and statements that Mr. Moreno made at that time. And therefore, we would move for mistrial on his behalf.

Appellant's issue four complains that the trial court erred by denying a mistrial. The only argument he offers in support of this assertion, however, is the following quote:

> "It is better to follow the rules than to try to undo what has been done. Otherwise stated, one cannot 'unring a bell'; 'after the thrust of the saber it is difficult to say forget the wound'; and finally 'if you throw a skunk into the jury box, you can't instruct the jury not to smell it.' "

*Walker v. State*, 610 S.W.2d 481, 486 n. 6 (Tex.Crim.App.1980) (quoting *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir.1962)).

Assuming for the sake of argument that Appellant's motion for mistrial was proper and preserved for our review despite his earlier assertion that his concerns had

been addressed, we hold the trial court did not err by denying the motion. Any error occasioned by asking a question is generally cured or rendered harmless by an instruction to disregard. *See Ransom v. State*, 789 S.W.2d 572, 585 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). Further, the granting or denying of a mistrial is committed to the trial court's discretion. *See Howard v. State*, 941 S.W.2d 102, 122 (Tex.Crim.App.1996). When the jury returned, the trial court instructed the jury that "[t]he last question which was asked in your presence has been withdrawn. And if you remember it, disregard it and take it for no purpose at all." Appellant has not demonstrated that this instruction failed to cure any error. Thus, we hold that any error was cured by the instruction and, therefore, the trial court did not err by denying a mistrial. We overrule issue four.

### DEADLY WEAPON FINDING

In his final issue, Appellant contends the evidence is insufficient to support the trial court's entry of an affirmative deadly weapon finding. Specifically, he asserts that the Supreme Court's decision in *Bailey v. United States* controls. 516 U.S. 137, 150, 116 S.Ct. 501, 509, 133 L.Ed.2d 472 (1995) (construing a federal criminal statute and holding that merely storing a weapon near drugs, without actually employing it in the commission of the offense, will not support a conviction for use of a deadly weapon). The State asserts that we are controlled by the Court of Criminal Appeals' post-*Bailey* opinion in *Hill v. State*, 913 S.W.2d 581, 583 (Tex.Crim.App.1996), which reaffirmed the standard set out in *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Crim.App.1989). We agree with the State. *Bailey* was construing a federal statute, not the Texas Penal Code. We will determine the sufficiency of the evidence under the definition and standard set out in *Patterson* and relied on in *Hill*.

*Patterson* and *Hill* instruct that the phrase "used [a deadly weapon] during the commission of a felony offense" extends to "any employment of a deadly weapon, even its simple possession, if such possession facil-

itates the associated felony." *Hill*, 913 S.W.2d at 583 (quoting *Patterson*, 769 S.W.2d at 941).

Neither Appellant nor the State indicate to us whether this issue is challenging the legal or factual sufficiency of the evidence. Thus we review the evidence for legal sufficiency only. *See Davila v. State*, 930 S.W.2d 641, 648 (Tex.App.—El Paso 1996, pet. ref'd). The legal sufficiency of the evidence is a question of law. We review the evidence in the light most favorable to the judgment. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Our critical inquiry in this review is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Emery v. State*, 881 S.W.2d 702, 705 (Tex.Crim.App.1994), *cert. denied*, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). We must give full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We may only overturn the judgment if it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

Officer Kennedy testified that while executing the search warrant, he found eight to nine ounces of cocaine concealed in a laundry basket in the closet with a handgun and a semi-automatic machine gun laying beside the laundry basket. The guns were in a cushioned case with loaded magazines in the case next to them. When the officers entered the room, they found Appellant "slinging" a box onto the bed. The box contained about eight pre-packaged ounces of cocaine in plastic bags and roughly $1,300 cash. A woman was apprehended running from the bedroom when the officers first entered the house. Officer Kennedy also testified that it is common for narcotics dealers to possess firearms for the purpose of protecting themselves because they carry large amounts of drugs and cash.

We hold the evidence is legally sufficient to support the trial court's entry of an affirmative deadly weapon finding. The rational trier of fact could have concluded that Appellant "used" the firearms to facilitate the possession of narcotics with intent to distribute them. We overrule issue five.

### CONCLUSION

We find no error and overrule Appellant's issues. Therefore, we affirm the trial court's judgment.