

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-10-00136-CR

AMORY WAYNE YOUNG                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant, Amory Wayne Young, appeals following his conviction of possession of cocaine with intent to deliver and the jury's finding that he used or exhibited a deadly weapon during the commission of a felony offense. He maintains that the trial court abused its discretion by denying a motion to suppress and that the evidence is legally insufficient to support the deadly

---

[1]*See* Tex. R. App. P. 47.4.

weapon finding. We find no trial court error in denying the motion to suppress and that the evidence is legally sufficient to support the finding that he used or exhibited a deadly weapon. Accordingly, we affirm the trial court's judgment.

On June 19, 2008, narcotics officers received a tip that appellant would be involved in a cocaine sale at a Popeye's restaurant located in Arlington, Texas. The confidential source identified appellant by his street name and stated that appellant would be driving a black Dodge Magnum. Fort Worth Police Officer Bruce Blaisdell testified that he observed a black Dodge Magnum arrive at the Popeye's and saw two women approach it before it left. Blaisdell followed the Magnum onto I-20 west, observed it change lanes several times without signaling, and called for a marked Fort Worth Police Unit to initiate a traffic stop.

Both Blaisdell and Fort Worth Police Officer Joseph Hill, a Crime Response Team member in a marked patrol unit assigned to support that day's surveillance efforts, testified that Hill did not have his emergency overhead lights on as he approached appellant's vehicle from behind on I-20 and that as Hill approached, appellant's vehicle crossed two lanes of the highway—from the inside lane to the far right hand lane—and exited the highway without signaling. Hill followed appellant onto the exit ramp, turned on his overhead lights, and initiated a traffic stop. Hill testified that appellant was driving the vehicle and that he had one passenger with him; that he asked appellant where he was going and for his driver's license and insurance; that he also asked appellant if he had

anything illegal in the car, including guns, knives, or narcotics; that appellant confirmed that he had a criminal history and that he had just been released from prison; that appellant was visibly nervous and his hands were shaking; and that appellant said "yes" when Hill asked if he could search the vehicle. Hill confirmed that he was uniformed, did not have his weapon drawn, did not threaten or coerce appellant, and that appellant understood his question and was not intoxicated when he consented to the search.

Hill testified that after he found a loaded Ruger handgun in the vehicle's center console area, he arrested appellant for unlawful carrying of a weapon by a convicted felon. He also stated that as officers escorted appellant to a patrol car, one of the officers noticed a bag filled with a white powdery substance, identified as cocaine, on the ground near appellant; that as police "shook" appellant's waistband, a similar bag fell from his pants; that a more thorough search uncovered two more bags of cocaine hidden in appellant's underwear; and $1,829 in cash in large denominations and a bag containing $549 in small bills. Blaisdell testified that people involved in the distribution of cocaine often carry firearms for protection. Appellant did not object to Hill's or Blaisdell's testimonies about the above matters.

Appellant was charged with possession of a controlled substance of four grams or more but less than two hundred grams with intent to deliver. Appellant filed a motion to suppress the evidence on grounds of "an unlawful detention,

seizure, search, and arrest" by the police officers. The trial court, at appellant's request, carried the motion along with trial. And, after the state rested its case, the trial court denied appellant's motion. A jury found appellant guilty of the charges along with a special issue finding that appellant used or exhibited a deadly weapon during the commission of a felony. During the punishment phase of trial, the jury answered "true" to enhancement allegations and assessed appellant's punishment at life imprisonment. The trial court sentenced appellant accordingly, and this appeal followed.

Appellant asserts that the trial court abused its discretion by denying his motion to suppress. To preserve error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it or that appellant objected to the evidence when it was offered at trial. Tex. R. App. P. 33.1; *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988); *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984).

Here, appellant failed to get a pretrial ruling on his motion and did not object to Hill's testimony that appellant was the driver of the Magnum and changed lanes without signaling; that appellant consented to the search of his vehicle; and that Hill found the gun in the vehicle's center console, found money in the car, and found drugs on appellant's person. By the admission of this evidence without objection, appellant waived this issue. *See Ratliff v. State*, 320 S.W.3d 857, 860–61 (Tex. App.—Fort Worth 2010, pet. ref'd); *Thomas v. State*,

4

884 S.W.2d 215, 216–17 (Tex. App.—El Paso 1994, pet. ref'd); *see also* Tex. R. App. P. 33.1(a)(1)(A); *Nelson v. State*, 626 S.W.2d 535, 535–36 (Tex. Crim. App. [Panel Op.] 1981) (concluding that a motion to suppress evidence that was presented, if at all, after State had rested, was untimely and any error in denying motion was not preserved for appeal); S*imon v. State*, No. 14-07-00378-CR, 2008 WL 4308426, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2008, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 130 S. Ct. 88 (2009); *Jeffares v. State*, No. 01-90-00340-CR, 1991 WL 89960, at *1 (Tex. App.—Houston [1st Dist.] May 30, 1991, no pet.) (not designated for publication) (finding waiver when appellant failed to obtain pretrial ruling on motion to suppress and subsequently failed to object to testimony about contested evidence). As the appellant failed to preserve this issue, we overrule it.

We turn to the other issue raised, whether the evidence is legally sufficient to support the finding that appellant used or exhibited a deadly weapon during the commission of a felony.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The trier of fact is permitted to make an affirmative deadly weapon finding when, as applicable in this instance, the State establishes that the defendant "used or exhibited" a deadly weapon during the commission of a felony offense. Tex. Code Crim. Proc. Ann. art. 42.12, § 3(g)(a)(2) (West Supp. 2010). To be exhibited in this context, a weapon must be "consciously shown, displayed, or

presented to be viewed." *See Coleman v. State,* 145 S.W.3d 649, 652 (Tex. Crim. App. 2004) (discussing *Patterson v. State,* 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). "Use" of a weapon includes "*any* employment of a deadly weapon, even simple possession, if such possession facilitates the associated felony." *Patterson,* 769 S.W.2d at 941; *see Coleman,* 145 S.W.3d at 652 (applying *Patterson's* definition of "use"). The parties do not dispute that the weapon was not "exhibited" within the meaning of article 42.12, and therefore, we will discuss only whether a rational jury could have found that appellant "used" the weapon at issue to facilitate his drug offense.

Appellant admitted that he was involved in a drug-related transaction before the officers found the loaded handgun in the center console of the vehicle that he was driving. The jury could have chosen to disbelieve appellant's testimony that the gun was not his and that he did not know it was there. Applying these principles to the facts before us, viewing the evidence in a light most favorable to the prosecution, we conclude that the jury could have determined beyond a reasonable doubt that appellant "used" the gun in furtherance of his admitted drug-related transaction. *See Gale v. State*, 998 S.W.2d 221, 224 (Tex. Crim. App. 1999) (noting that a firearm is "used" in the commission of a felony offense of possessing contraband when it protects and facilitates the care, custody, and management of the contraband); *see also Moreno v. State*, 978 S.W.2d 285, 289 (Tex. App.—Fort Worth 1998, no pet.)

7

(concluding that defendant used weapons found in a container lying beside concealed cocaine to facilitate his possession of narcotics with the intent to distribute).

Accordingly, we determine that the evidence is legally sufficient to support the finding that a deadly weapon was exhibited or used during the commission of a felony offense, and we overrule appellant's second issue. Having overruled both of appellant's issues, we affirm the trial court's judgment.


                                        CHARLES BLEIL
                                        JUSTICE

PANEL: GARDNER and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 9, 2011