02-10-136-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00136-CR

 

 


 
 
 Amory Wayne Young
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant,
Amory Wayne Young, appeals following his conviction of possession of cocaine
with intent to deliver and the jury’s finding that he used or exhibited a
deadly weapon during the commission of a felony offense.  He maintains that the
trial court abused its discretion by denying a motion to suppress and that the
evidence is legally insufficient to support the deadly weapon finding.  We find
no trial court error in denying the motion to suppress and that the evidence is
legally sufficient to support the finding that he used or exhibited a deadly
weapon.  Accordingly, we affirm the trial court’s judgment.

On
June 19, 2008, narcotics officers received a tip that appellant would be
involved in a cocaine sale at a Popeye’s restaurant located in Arlington,
Texas.  The confidential source identified appellant by his street name and stated
that appellant would be driving a black Dodge Magnum.  Fort Worth Police
Officer Bruce Blaisdell testified that he observed a black Dodge Magnum arrive
at the Popeye’s and saw two women approach it before it left.  Blaisdell
followed the Magnum onto I-20 west, observed it change lanes several times
without signaling, and called for a marked Fort Worth Police Unit to initiate a
traffic stop.

Both
Blaisdell and Fort Worth Police Officer Joseph Hill, a Crime Response Team
member in a marked patrol unit assigned to support that day’s surveillance
efforts, testified that Hill did not have his emergency overhead lights on as
he approached appellant’s vehicle from behind on I-20 and that as Hill
approached, appellant’s vehicle crossed two lanes of the highway—from the
inside lane to the far right hand lane—and exited the highway without
signaling.  Hill followed appellant onto the exit ramp, turned on his overhead
lights, and initiated a traffic stop.  Hill testified that appellant was
driving the vehicle and that he had one passenger with him; that he asked appellant
where he was going and for his driver’s license and insurance; that he also
asked appellant if he had anything illegal in the car, including guns, knives,
or narcotics; that appellant confirmed that he had a criminal history and that
he had just been released from prison; that appellant was visibly nervous and
his hands were shaking; and that appellant said “yes” when Hill asked if he
could search the vehicle.  Hill confirmed that he was uniformed, did not have
his weapon drawn, did not threaten or coerce appellant, and that appellant
understood his question and was not intoxicated when he consented to the
search.

Hill
testified that after he found a loaded Ruger handgun in the vehicle’s center
console area, he arrested appellant for unlawful carrying of a weapon by a
convicted felon.  He also stated that as officers escorted appellant to a
patrol car, one of the officers noticed a bag filled with a white powdery
substance, identified as cocaine, on the ground near appellant; that as police
“shook” appellant’s waistband, a similar bag fell from his pants; that a more
thorough search uncovered two more bags of cocaine hidden in appellant’s
underwear; and $1,829 in cash in large denominations and a bag containing $549
in small bills.  Blaisdell testified that people involved in the distribution
of cocaine often carry firearms for protection.  Appellant did not object to
Hill’s or Blaisdell’s testimonies about the above matters.

          Appellant
was charged with possession of a controlled substance of four grams or more but
less than two hundred grams with intent to deliver.  Appellant filed a motion
to suppress the evidence on grounds of “an unlawful detention, seizure, search,
and arrest” by the police officers.  The trial court, at appellant’s request,
carried the motion along with trial.  And, after the state rested its case, the
trial court denied appellant’s motion.  A jury found appellant guilty of the
charges along with a special issue finding that appellant used or exhibited a
deadly weapon during the commission of a felony.  During the punishment phase
of trial, the jury answered “true” to enhancement allegations and assessed appellant’s
punishment at life imprisonment.  The trial court sentenced appellant
accordingly, and this appeal followed.

Appellant
asserts that the trial court abused its discretion by denying his motion
to suppress.  To preserve error, the record must show that appellant made a
timely request, objection, or motion, and that the trial court ruled on it or
that appellant objected to the evidence when it was offered at trial.  Tex. R.
App. P. 33.1; Calloway v. State, 743 S.W.2d 645, 650 (Tex. Crim. App.
1988); Ross v. State, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984).

Here,
appellant failed to get a pretrial ruling on his motion and did not object to
Hill’s testimony that appellant was the driver of the Magnum and changed lanes
without signaling; that appellant consented to the search of his vehicle; and
that Hill found the gun in the vehicle’s center console, found money in the
car, and found drugs on appellant’s person.  By the admission of this evidence
without objection, appellant waived this issue.  See Ratliff v. State,
320 S.W.3d 857, 860–61 (Tex. App.––Fort Worth 2010, pet. ref’d); Thomas v.
State, 884 S.W.2d 215, 216–17 (Tex. App.—El Paso 1994, pet. ref’d); see
also Tex. R. App. P. 33.1(a)(1)(A); Nelson v. State, 626 S.W.2d 535,
535–36 (Tex. Crim. App. [Panel Op.] 1981) (concluding that a motion to suppress
evidence that was presented, if at all, after State had rested, was untimely
and any error in denying motion was not preserved for appeal); Simon v. State,
No. 14-07-00378-CR, 2008 WL 4308426, at *2 (Tex. App.—Houston [14th Dist.] Aug.
28, 2008, pet. ref’d) (mem. op., not designated for publication), cert.
denied, 130 S. Ct. 88 (2009); Jeffares v. State, No. 01-90-00340-CR,
1991 WL 89960, at *1 (Tex. App.—Houston [1st Dist.] May 30, 1991, no pet.) (not
designated for publication) (finding waiver when appellant failed to obtain
pretrial ruling on motion to suppress and subsequently failed to object to
testimony about contested evidence).  As the appellant failed to preserve this issue,
we overrule it.

          We
turn to the other issue raised, whether the evidence is legally sufficient to
support the finding that appellant used or exhibited a deadly weapon during the
commission of a felony.

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact
is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9,
16–17 (Tex. Crim. App. 2007).  We presume that the factfinder resolved any
conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.

The
trier of fact is permitted to make an affirmative deadly weapon finding when,
as applicable in this instance, the State establishes that the defendant “used
or exhibited” a deadly weapon during the commission of a felony offense.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 3(g)(a)(2) (West Supp. 2010).  To be exhibited
in this context, a weapon must be “consciously shown, displayed, or presented
to be viewed.”  See Coleman v. State, 145 S.W.3d 649, 652 (Tex. Crim. App.
2004) (discussing Patterson v. State, 769 S.W.2d 938, 941 (Tex. Crim. App.
1989)).  “Use” of a weapon includes “any employment of a deadly weapon,
even simple possession, if such possession facilitates the associated felony.”  Patterson,
769 S.W.2d at 941; see Coleman, 145 S.W.3d at 652 (applying Patterson's
definition of “use”).  The parties do not dispute that the weapon was not
“exhibited” within the meaning of article 42.12, and therefore, we will discuss
only whether a rational jury could have found that appellant “used” the weapon
at issue to facilitate his drug offense.

Appellant
admitted that he was involved in a drug-related transaction before the officers
found the loaded handgun in the center console of the vehicle that he was
driving.  The jury could have chosen to disbelieve appellant’s testimony that
the gun was not his and that he did not know it was there.  Applying these
principles to the facts before us, viewing the evidence in a light most
favorable to the prosecution, we conclude that the jury could have determined
beyond a reasonable doubt that appellant “used” the gun in furtherance of his
admitted drug-related transaction.  See Gale v. State, 998 S.W.2d 221,
224 (Tex. Crim. App. 1999) (noting that a firearm is “used” in the commission
of a felony offense of possessing contraband when it protects and facilitates
the care, custody, and management of the contraband); see also Moreno v.
State, 978 S.W.2d 285, 289 (Tex. App.—Fort Worth 1998, no pet.) (concluding
that defendant used weapons found in a container lying beside concealed cocaine
to facilitate his possession of narcotics with the intent to distribute).

Accordingly,
we determine that the evidence is legally sufficient to support the finding
that a deadly weapon was exhibited or used during the commission of a felony
offense, and we overrule appellant’s second issue.  Having overruled both of
appellant’s issues, we affirm the trial court’s judgment.

 

 

CHARLES BLEIL
JUSTICE

 

PANEL: 
GARDNER
and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by
Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 9, 2011









[1]See Tex. R. App. P. 47.4.